**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO**

JENNIFER M. GABALDON,

      Plaintiff,

v.                                                        No. CV 16-769 CG

NANCY A. BERRYHILL,
Acting Commissioner of the Social Security
Administration,

      Defendant.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on Plaintiff Jennifer M. Gabaldon's *Motion for Attorney Fees and Costs Pursuant to the Equal Access to Justice Act, With Memorandum in Support*, (Doc. 23), filed July 17, 2017; *Defendant's Response to Plaintiff's Motion for Attorney Fees Under Equal Access to Justice Act*, (Doc. 24), filed July 19, 2017; and Plaintiff's *Reply in Support of Motion for Attorney Fees Pursuant to the Equal Access to Justice Act*, (Doc. 25), filed August 1, 2017. Having reviewed the Motion, the Response, the Reply, and the relevant law, the Court finds that Plaintiff's Motion is well-taken and should be **GRANTED**.

**I.    Background**

On February 13, 2013, Ms. Gabaldon filed an application for disability insurance benefits ("DIB"), alleging disability beginning February 6, 2013. (Administrative Record "AR" 119). Her application was denied initially, (AR 95-101), upon reconsideration, (AR 102-115), and following a hearing before an Administrative Law Judge ("ALJ"), (AR 130). Ms. Gabaldon thereafter filed for review by the Appeals Council, (AR 57-60),

which was denied, (AR 1-7), making the ALJ's decision the final decision of the Commissioner of the Social Security Administration (the "Commissioner").

Ms. Gabaldon then appealed to this Court, arguing the ALJ failed to incorporate portions of the medical opinion of State agency medical consultant Charles Bridges, Ph.D., into Ms. Gabaldon's residual functional capacity ("RFC"). (Doc. 16 at 2). Finding that the ALJ failed to properly consider Dr. Bridges' medical opinion, the Court reversed and remanded the Commissioner's decision. (Doc. 21).

Ms. Gabaldon now moves the Court for attorney's fees pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d). (Doc. 23). She argues that an award of attorney's fees is appropriate because she was the prevailing party, her net worth is less than $2,000,000.00, and the Commissioner's position in defending the action was not substantially justified. *Id.* at 1.

**II.     Analysis**

   A. Standard of Review

Pursuant to EAJA, a court is required to award attorney's fees if: "(1) plaintiff is a 'prevailing party'; (2) the position of the United States was not 'substantially justified'; and (3) there are no special circumstances that make an award of fees unjust." *Hackett v. Barnhart*, 475 F.3d 1166, 1172 (10th Cir. 2007) (citing 28 U.S.C. § 2412(d)(1)(A)). Here, the Commissioner only disputes whether her position was substantially justified. (Doc. 24).

"The test for substantial justification in this circuit is one of reasonableness in law and fact." *Id.* at 1172 (citing *Gilbert v. Shalala*, 45 F.3d 1391, 1394 (10th Cir. 1995)). In order to be substantially justified, the government's position must be "justified in

substance or in the main - that is, justified to a degree that could satisfy a reasonable person." *Hadden v. Bowen*, 851 F.2d 1266, 1267 (10th Cir. 1988) (citing *Pierce v. Underwood*, 487 U.S. 552, 565 (1988)). "The term position includes the government's position both in the underlying agency action and during any subsequent litigation." *Id*.

"When an area of law is 'unclear or in flux, it is more likely that the government's position will be substantially justified.'" *Cherry v. Barnhart*, 125 Fed. Appx. 913, 916 (10th Cir. 2005) (unpublished) (citing *Martinez v. Sec'y of Health and Human Servs.*, 815 F.2d 1381, 1382 (10th Cir. 1987)). Indeed, "the government's position can be justified even though it is not correct." *Hackett*, 475 F.3d at 1172 (citing *Pierce*, 487 U.S. at 566, n.2). "The government bears the burden of showing that its position was substantially justified." *Gilbert*, 45 F.3d at 1394 (internal citations omitted).

    B.  <u>The Commissioner's Position Was Not Substantially Justified</u>

The Court reversed and remanded the ALJ's decision because the ALJ failed to adequately consider Dr. Bridges' medical opinion. (Doc. 21 at 8-13). Dr. Bridges performed a Mental Residual Functional Capacity Assessment ("MRFC") of Ms. Gabaldon's impairments in which he diagnosed Ms. Gabaldon with affective disorders, anxiety disorders, and substance addiction disorders. (AR 107). In Section I of the MRFC, Dr. Bridges found that Ms. Gabaldon has several moderate limitations and that she is markedly limited in her ability to interact appropriately with the general public. (AR 110-11). In Section III of the MRFC, Dr. Bridges explained several of these limitations in narrative form. As to Ms. Gabaldon's sustained concentration and persistence capacities, Dr. Bridges stated Ms. Gabaldon "requires a work setting where distractions are minimal. She can carry out simple tasks for a normal workday over a normal workweek." (AR 111). With regard to Ms. Gabaldon's social interactional capacities, Dr.

3

Bridges noted that she "can interact appropriately with coworkers and supervisors on a superficial basis. She requires a supportive supervisor." (AR 111). Finally, Dr. Bridges specified that Ms. Gabaldon's depression affects "her concentration and memory" and stated that she is limited in her "ability to carry out detailed tasks. Her PTSD and anxiety is affecting [her] ability to interact with others. She can adapt to a work situation with minimal changes." (AR 112).

In her decision, the ALJ discussed the findings of Dr. Bridges and stated that she gave his opinion "great weight." (AR 127-28). However, the ALJ translated Dr. Bridges' findings into only two nonexertional limitations: understanding, remembering, and carrying out simple, repetitive tasks; and having only superficial contact with others. (AR 123). The Court found that this RFC failed to properly capture Dr. Bridges' Section III findings that Ms. Gabaldon "requires a work setting where distractions are minimal" and "requires a supportive supervisor," and his Section I finding that Ms. Gabaldon has a marked limitation in her ability to interact with the general public. (Doc. 21 at 10).

In response to Ms. Gabaldon's Motion to Reverse or Remand, the Commissioner argued that Dr. Bridges' limitation to "superficial contact with others" encompassed both his finding that Ms. Gabaldon is moderately limited in her ability to interact with coworkers and supervisors, and his finding of a marked limitation in her ability to interact with the general public. (Doc. 18 at 10). The Court disagreed, finding that neither Dr. Bridges' Section III narrative, nor the ALJ's RFC determination, account for the severity of Dr. Bridges' finding of a *marked* limitation in Ms. Gabaldon's ability to interact with the general public. (Doc. 21 at 11).

In addition, the Commissioner relied on *Smith v. Colvin*, 821 F.3d 1264, 1269 (10th Cir. 2016), for her contention that the ALJ did not need to discuss Dr. Bridges' Section I findings because the ALJ relied on his Section III narrative. (Doc. 18 at 8, 10). The Court rejected this contention, explaining that in *Smith*, the Tenth Circuit did not base its holding on the fact that the ALJ relied on Section III rather than Section I. (Doc. 21 at 12). The Court explained that a discrepancy between Sections I and III "does not mean, of course, that the ALJ should turn a blind eye to any moderate limitations enumerated in Section I that are not adequately explained in Section III." *Id.* (citing *Lee v. Colvin*, 631 Fed. Appx. 538, 541 (10th Cir. 2015) (unpublished)). Therefore, the Court found that the ALJ was required to consider Dr. Bridges' findings in Section I that were not encompassed by his Section III narrative.

Finally, the Court rejected the Commissioner's argument that the ALJ's RFC limiting Ms. Gabaldon to unskilled work sufficiently captured Dr. Bridges' findings. (Doc. 21 at 12-13). The Court explained that a limitation to unskilled work does not necessarily address an individual's mental limitations, and that Dr. Bridges' finding of a marked impairment in Ms. Gabaldon's ability to interact with the general public could affect jobs classified as unskilled. *Id.* (citing *Vigil v. Colvin*, 805 F.3d 1199, 1204 (10th Cir. 2015)). The Court held that "[w]ithout analysis from the ALJ or the VE, the Court cannot say that limiting Ms. Gabaldon to unskilled work would accommodate her marked limitation in being able to interact with the general public." *Id.* at 13.

The Commissioner now argues that her position was substantially justified because agency policy and Tenth Circuit case law support her contention that the ALJ's RFC determination adequately captured and accommodated the limitations found by Dr.

5

Bridges. (Doc. 24 at 5). The Commissioner maintains that the ALJ was not required to include the various limitations set forth in Section I of Dr. Bridges' opinion because the ALJ relied on his Section III narrative findings. *Id.* at 3-4. The Commissioner further contends that the ALJ's limitation to superficial contact with others and unskilled work accommodated Dr. Bridges' finding of marked limitation in Ms. Gabaldon's ability to interact with the general public. *Id.* at 5, n.2. Finally, the Commissioner notes that "the ALJ gave Dr. Bridges'[] opinion great - not controlling weight - and thus was not required to adopt all portions of Dr. Bridges'[] opinion verbatim." *Id.*

While agency policy and Tenth Circuit case law explain that Section I of an MRFC is for recording summary conclusions, and that Section III is the physician's formal mental RFC assessment, this guidance further instructs that the degree and extent of limitations found in Section I must be described in narrative format in Section III. *See* Social Security Administration's Program Operations Manual System ("POMS") POMS DI 25020.010 B.1., 24510.060 B.4.a., 24510.063 B.2., and 24510.065 A; *Carver v. Colvin*, 600 Fed. Appx. 616, 618-19 (10th Cir. 2015) (unpublished). Therefore, if a consultant's "Section III narrative fails to describe the effect that each of the Section I moderate limitations would have on the claimant's ability . . . the [MRFC] cannot properly be considered part of the substantial evidence supporting an ALJ's RFC finding." *Carver*, 600 Fed. Appx. at 619.

In his Section III narrative, Dr. Bridges found that Ms. Gabaldon can interact appropriately with coworkers and supervisors on a superficial basis, and requires a supportive supervisor, which accounted for many of the limitations he found in Section I. *See* (AR 110-12). However, Dr. Bridges' Section III narrative does not account for his

6

Section I finding that Ms. Gabaldon is markedly limited in her ability to interact with the general public. *See id.* Moreover, the ALJ's RFC determination, which limited Ms. Gabaldon to understanding, remembering, and carrying out simple, repetitive tasks, and having only superficial contact with others, fails to encompass both Dr. Bridges' Section III findings that Ms. Gabaldon requires a work setting with minimal distractions and a supportive supervisor, and his Section I finding that she has a marked limitation in her ability to interact with the general public. *Compare* (AR 111) *with* (AR 123). While the ALJ stated that she gave Dr. Bridges' opinion "great weight," her implied rejection of some of Dr. Bridges' findings without explanation constitutes legal error. *See Hamlin v. Barnhart*, 365 F.3d 1208, 1219 (10th Cir. 2004) ("The ALJ may not pick and choose which aspects of an uncontradicted medical opinion to believe, relying on only those parts favorable to a finding of nondisability."); *Maes v. Astrue*, 522 F.3d 1093, 1096 (10th Cir. 2008) (the standard of review in a Social Security appeal is whether the Commissioner's final decision is supported by substantial evidence and whether the correct legal standards were applied). The ALJ's error in failing to properly consider Dr. Bridges' opinions renders the Commissioner's position below unreasonable, especially since this area of law is not "unclear or in flux." *Cherry,* 125 Fed. Appx. at 916 ("When an area of law is unclear or in flux, it is more likely that the government's position will be substantially justified.") (citation omitted). Therefore, the Court finds that the Commissioner's position with regard to the ALJ's consideration of Dr. Bridges' opinions was not substantially justified.

### III. Conclusion

For the reasons discussed above, the Court concludes that the Commissioner was not substantially justified in her position in either the underlying agency action or the subsequent litigation. Accordingly, the Court finds that Ms. Gabaldon is entitled to an award of attorney's fees under EAJA.

**IT IS THEREFORE ORDERED** that Ms. Gabaldon's *Motion for Attorney Fees and Costs Pursuant to the Equal Access to Justice Act, With Memorandum in Support*, (Doc. 23), be **GRANTED** and that attorney fees in the amount of $6,217.50 and costs in the amount of $400.00 be awarded under the Equal Access to Justice Act, 28 U.S.C. § 2412(d), and be made payable to Ms. Gabaldon. *See Astrue v. Ratliff*, 560 U.S. 586 (2010) (EAJA fees are paid to the plaintiff, not the plaintiff's attorney).

**IT IS FURTHER ORDERED THAT**, if Plaintiff's counsel receives attorney fees under both EAJA and 42 U.S.C. § 406(b) of the Social Security Act, Plaintiff's counsel shall refund the smaller award to Plaintiff pursuant to *Weakley v. Bowen*, 803 F.2d 575, 580 (10th Cir. 1986).

_____
THE HONORABLE CARMEN E. GARZA
UNITED STATE MAGISTRATE JUDGE